UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENG BOCK CHIA, RUI GUI WU, YUE
MING LIN, GRACE WU, CINDY LIN, XIN
QIANG YU, GUI XIANG DONG, CHIN
KOK HING, WAI HO NG and JIANWEI XU,

                    Plaintiffs,

                -against-

520 ASIAN RESTAURANT CORP. d/b/a
CHEF YU, 5127 RESTAURANT CORP.
d/b/a GINGER'S, TUNG SHENG YEH,
STEVEN C.J. TANG, ALICE TANG, JANE
DOE aka "WINNIE," TEO SU JIN, BENNY
CHEONG, and/or other persons or entities
affiliated with or controlled by 520 ASIAN
RESTAURANT CORP. d/b/a CHEF YU
and/or 5127 RESTAURANT CORP. d/b/a
GINGER'S and/or TUNG SHENG YEH,
STEVEN C.J. TANG, ALICE TANG, JANE
DOE aka "WINNIE," TEO SU JIN, and/or
BENNY CHEONG, individually,

                  Defendants.

---

Docket No. 17-cv-5885

*Civil Action*

**Rule 26(a)(1) Initial Disclosures**

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

      Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants, by and through their

undersigned counsel, make the following initial disclosures to Plaintiffs in the above captioned

matter. These disclosures are based on information presently known and reasonably available to

Defendants and which Defendants reasonably believe they may use in support of their claims and

defenses. Continuing investigation and discovery may cause Defendants to amend these initial

disclosures by identifying other potential witnesses, documents and by disclosing other pertinent

information. Defendants therefore reserve the right to supplement these initial pleadings.

      Defendants object to any disclosure of information or documents beyond that which is

required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules

of the United States District Court for the Southern District of New York, or other applicable

law, rule or order. By providing these initial disclosures, Defendants do not represent that they

are identifying every document, tangible thing or witness possibly relevant to this action. In

addition, these disclosures are made without Defendants in any way waiving their right to object

to any discovery request or proceeding involving or relating to the subject matter of these

disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay,

undue burden, confidentiality or any other appropriate grounds. Furthermore, these disclosures

are not an admission by Defendants regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and

limitations.

### DISCLOSURES

i. **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1) Steven Tang
c/o John T. Herbert, Esq.
Herbert Law Group, LLC
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com

Mr. Tang is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, claims asserted by Plaintiffs in their Second Amended Complaint in the instant action.

2) Tung Sheng Yeh
c/o John T. Herbert, Esq.
Herbert Law Group, LLC

96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com

Mr. Yeh is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, claims asserted by Plaintiffs in their Second Amended Complaint in the instant action.

3) Teo Su Jin
c/o John T. Herbert, Esq.
Herbert Law Group, LLC
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com

Mr. Jin is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, claims asserted by Plaintiffs in their Second Amended Complaint in the instant action.

4) Benny Cheong
c/o John T. Herbert, Esq.
Herbert Law Group, LLC
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com

Mr. Cheong is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, claims asserted by Plaintiffs in their Second Amended Complaint in the instant action.

Defendants reserve the right to identify any other individuals likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses.

**ii. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants identify the following documents, which were previously produced prior to the parties participating in two (2) in-person mediation sessions:

a) Chef Yu – Accountant Records for:

    a. Eng Bock Chia (CHIA CHEF YU 0001 to CHIA CHEF YU 0055)

    b. Yue Ming Lin (LIN CHEF YU 0001 to LIN CHEF YU 0040)

    c. Wai Ho Ng (NG CHEF YU 0001 to NG CHEF YU 0039)

    d. Rui Gui Wu (WU CHEF YU 0001 to WU CHEF YU 0068)

    e. Jian Wei Xu (XU CHEF YU 0001 to XU CHEF YU 0054)

    f. Xin Qiang Yu (YU CHEF YU 0001 to YU CHEF YU 0069)

b) Chef Yu – Employer Records for:

    a. Eng Bock Chia (CHIA CHEF YU 0056 to CHIA CHEF YU 0128)

    b. Yue Ming Lin (LIN CHEF YU 0041 to LIN CHEF YU 0109)

    c. Wai Ho Ng (NG CHEF YU 0040 to NG CHEF YU 0094)

    d. Rui Gui Wu (WU CHEF YU 0069 to WU CHEF YU 0140)

    e. Jian Wei Xu (XU CHEF YU 0055 to XU CHEF YU 0091)

    f. Xin Qiang Yu (YU CHEF YU 0070 to YU CHEF YU 0151)

c) Chef Yu – Employee Employment History (CHEF YU 0001)

d) Gingers – Account Records for:

    a. Kok Hing Chin (CHIN GINGERS 0001 to CHIN GINGERS 0034)

    b. Gui Xiang Dong (DONG GINGERS 0001 to DONG GINGERS 0013)

    c. Cindy Lin (LIN GINGERS 0001 to LIN GINGERS 0038)

    d.   Grace Wu (WU GINGERS 0001 to WU GINGERS 0026)

   e)  Gingers – Employer Records for:

        a.   Kok Hing Chin (CHIN GINGERS 0035 to CHIN GINGERS 0255)

        b.   Gui Xiang Dong (DONG GINGERS 0014 to DONG GINGERS 0086)

        c.   Cindy Lin (LIN GINGERS 0039 to LIN GINGERS 0046)

        d.   Grace Wu (WU GINGERS 0027 to WU GINGERS 0050)

   f)  Gingers – Income Statements for:

        a.   2014 (GINGERS 2014 0001 to GINGERS 2014 0021)

        b.   2015 (GINGERS 2015 0001 to GINGERS 2015 0021)

        c.   2016 (GINGERS 2016 0001 to GINGERS 2016 0021)

   g)  Gingers Lease Termination and Surrender Agreement (GINGERS LEASE TERM 0001 to GINGERS LEASE TERM 0008)

There may be additional documents whose relevance becomes known to Defendants during discovery or trial. Defendants therefore reserve the right to amend and or supplement these disclosures if and as appropriate, and further reserve the right to rely on any document identified by Plaintiff or produced in this case by any party or any third party.

iii. **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable.

iv. **For inspection and copy as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants are not presently aware of any applicable insurance agreement.

Dated: May 11, 2018

By: ___/s/ John T. Herbert_____

John T. Herbert, Esq.
**HERBERT LAW GROUP, LLC**
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077