UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENG BOCK CHIA, RUI GUI WU, YUE MING LIN, GRACE WU, CINDY LIN, XIN QIANG YU, GUI XIANG DONG, CHIN KOK HING, WAI HO NG, JIANWEI XU, and WONG KAM FOONG,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　- against -<br><br>520 ASIAN RESTAURANT CORP. d/b/a CHEF YU, 5127 RESTAURANT CORP. d/b/a GINGER'S, TUNG SHENG YEH, STEVEN C.J. TANG, ALICE TANG, KUAN YOKE AKOON aka "WINNIE," TEO SU JIN, BENNY CHEONG<br><br>　　　　　　　　　　　　　　　　Defendants. | Docket No.: 17-CV-5885(GHW) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

　　　　　　　　　　　　　　　　　　　　　　VIRGINIA & AMBINDER, LLP
　　　　　　　　　　　　　　　　　　　　　　LaDonna M. Lusher, Esq.
　　　　　　　　　　　　　　　　　　　　　　Kara S. Miller, Esq.
　　　　　　　　　　　　　　　　　　　　　　Michele A. Moreno, Esq.
　　　　　　　　　　　　　　　　　　　　　　40 Broad Street, Seventh Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　　　　　　　　Tel:　(212) 943-9080
　　　　　　　　　　　　　　　　　　　　　　Fax:　(212) 943-908
　　　　　　　　　　　　　　　　　　　　　　llusher@vandallp.com

　　　　　　　　　　　　　　　　　　　　　　TAKEROOT JUSTICE
　　　　　　　　　　　　　　　　　　　　　　S. Tito Sinha, Esq.
　　　　　　　　　　　　　　　　　　　　　　Farrell A. Brody, Esq.
　　　　　　　　　　　　　　　　　　　　　　Eliseo Cabrera, Esq.
　　　　　　　　　　　　　　　　　　　　　　123 William Street, Sixteenth Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　　　　　　　　　　　　Tel:　(646) 459-3020
　　　　　　　　　　　　　　　　　　　　　　Fax:　(212) 533-4598
　　　　　　　　　　　　　　　　　　　　　　tsinha@takerootjustice.org

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Plaintiffs*

**PRELIMINARY STATEMENT**

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP and TakeRoot Justice, submit this Memorandum of Law in support of their Motion *in Limine*. Specifically, Plaintiffs request an Order: (1) precluding Mark H. Wander, CPA, from testifying as a fact or expert witness for Defendants, together with such other relief as to the Court may deem just and proper.

**ARGUMENT**

I. **Defendants Should be Precluded From Introducing The Testimony of Mark. H. Wander, CPA**

A. **Legal Standard**

Rule 26 provides that at the start of the case, parties must disclose:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. (26)(a)(1)(A)(i). These disclosures must be supplemented if new information comes to light. *Lebada v. New York City Dep't of Educ.*, 2016 WL 626059 (S.D.N.Y. 2016) (*citing* Fed. R. Civ. P. 26(e)(1)).

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of [Rule 37(c)] is to prevent the practice of 'sandbagging' an adversary with new evidence." *Gotlin v. Lederman*, Gotlin v. Lederman, 2009 U.S. Dist. LEXIS 78818, *11 (E.D.N.Y. 2009) (citations omitted). Further, "[a] party is also affirmatively bound to supplement incomplete or incorrect disclosures with later acquired information. The failure to discharge those obligations precludes a party from using the

1

withheld information as evidence at trial. Fed. R. Civ. P. 37(c)(1)." *Gotlin v. Lederman*, 2010 U.S. Dist. LEXIS 43101, *14 (E.D.N.Y. May 3, 2010) *aff'd* 483 F. App'x 583 (2d Cir. 2012); *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 571 (E.D.N.Y. 2013) *aff'd in part, dismissed in part*, 594 F. App'x 723 (2d Cir. 2014) (striking declaration of witness not disclosed on initial disclosures).

### B. Defendants Failed to Timely Disclose Mark H. Wander as a Witness

Defendants failed to disclose fact witness Mark H. Wander, CPA in their May 11, 2018 Rule 26 Initial Disclosures. [*See* Defendants' Rule 26 Initial Disclosures, annexed to the Affirmation of LaDonna Lusher as Exhibit A]. Fact discovery in this action was completed in November 2018. [*See* Dkt. Nos. 64-67, ordering fact discovery to be completed by November 28, 2018 and granting an extension for the *limited purpose* of obtaining post-deposition documents from witness David Cheng]. It was not until four days ago, on August 30, 2019 when Defendants provided Plaintiffs with their portion of the joint pre-trial order, that Defendants informed Plaintiffs they intend to call Mr. Wander as a fact witness. Defendants claim that Mr. Wander is expected to testify about "Plaintiffs' actual damages and what if any payments are owed by way of Federal or New York wage and hour laws." [*See* parties' Joint Pre-Trial Order, Section 7.]

This is precisely the type of "sandbagging" that Rules 26 and 37 are designed to prevent. By failing to disclose this witness, Plaintiffs have been denied the opportunity to subpoena and depose Mr. Wander. Trial in this action is scheduled to begin on October 15, 2019. Although the Court has advised the parties that trial may be adjourned to a date in March 2020, the Court has also advised the parties of the possibility that that trial will go forward should a settlement result in a criminal matter that is presently schedule for trial that same week. Accordingly, it is not feasible to re-open discovery at this time and any further delay to accommodate Defendants'

untimely witness would be highly prejudicial to Plaintiffs who commenced this action in August 2017. Accordingly, Mr. Wander must be precluded from testifying as a fact witness at trial.

**II.     Any Expert Testimony from Mark. H. Wander, CPA Should Be Precluded**

It is clear from the Joint Pre-Trial Order that Mr. Wander is expected to provide expert testimony at trial. Indeed, Defendants are producing Mr. Wander to testify on "Plaintiffs' actual damages and what if any payments are owed by way of Federal or New York wage and hour laws." [*See* parties' Joint Pre-Trial Order, Section 7.] Defendants' use of Mr. Wander as an expert witness required not only his identification as an expert, but also a signed and written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Defendants' time for identifying an expert witness has long passed. Pursuant to the Federal Rules, the disclosure of expert testimony must be made at the time and in the sequence that the court orders. Fed. R. Civ. P. 26 (2)(D). Pursuant to this Court's August 3, 2018 Order [ECF No. 47], the deadline for service of party-proponent's expert disclosures was September 24, 2018 and all expert discovery was due by November 7, 2018. Further, the disclosure of an expert witness must be accompanied by a written report prepared and signed by the witness Fed. R. Civ. P. 26(2)(B). It is undisputed that Defendants never disclosed any expert witness nor any written report. Accordingly, Mr. Wander must be precluded from testifying as an expert witness at trial.

Dated: New York, New York
       September 3, 2019

                                            VIRGINIA & AMBINDER, LLP
By:     /s/LaDonna M. Lusher
        LaDonna M. Lusher, Esq.
        Kara S. Miller, Esq.
        Michele A. Moreno, Esq.
        40 Broad Street, Seventh Floor
        New York, New York 10004
        Tel:    (212) 943-9080
        Fax:    (212) 943-908

llusher@vandallp.com

TAKEROOT JUSTICE
S. Tito Sinha, Esq.
Farrell A. Brody, Esq.
Eliseo Cabrera, Esq.
123 William Street, Sixteenth Floor
New York, New York 10038
Tel:	(646) 459-3020
Fax:	(212) 533-4598
tsinha@takerootjustice.org

*Attorneys for the Plaintiffs*