

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Kara S. Miller**
kmiller@vandallp.com

August 4, 2020

**VIA ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  *Re:* Chia et al v. 520 Asian Restaurant Corp. et al, Dkt No. 17-cv-05885-GHW

Dear Judge Woods:

  This firm, along with Take Root Justice, represents the Plaintiffs in the above-referenced matter. This letter is submitted in response to this Court's Order on today's date with respect to the trial damage calculations.

  Plaintiffs apologize that it was not clear how the damages were being calculated. Not every work week had both a timesheet and a payroll record. In weeks where there were no timesheets, if the formula only accounted for hours reported on timesheets, that workweek would reflect that 0 hours were worked and award $0 damages. However, in reality, hours were worked that week and damages should be awarded based on this Court's liability findings. Further, in work weeks where there was both a time sheet and a payroll record, and the two did not match, the timesheet reflected the higher number of hours worked in 99.5% of all work weeks. Thus, the original formula was kept as it afforded damages in accordance with this Court's Order, but also allowed for damages to be calculated in weeks where there were no timesheets. Plaintiffs had identified a handful of exceptions where the payroll records reflected more hours than the timesheets and had intended to manually edit these few weeks and apologize for this oversight.

  To make it easier for the Court to see how the damages were calculated, rather than using the one formula, Plaintiffs changed the formula for every individual cell to reflect whether it was drawing information from the timesheets (in weeks where there were only timesheets or in weeks where there were both timesheets and payroll records) or drawing information from the payroll records (in weeks where there were no timesheets). Plaintiffs also further revised the heading in Column T to reflect this.



      Plaintiffs are emailing the updated native spreadsheet to the Court. With the changes, the amounts owed for unpaid minimum and overtime wages for all Plaintiffs collectively are reduced in the first period of liability from $368,195.09 to $367,519.59 (a reduction of $675.41) and in the second period of liability from $17,619.58 to $17,610.58 (a reduction of $9.00). A revised proposed judgment is also being emailed.

      Respectfully submitted,

      _Kara Miller_
      Kara Miller, Esq.